**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                                    (Electronically Filed)

|  |  |
|---|---|
| 7-ELEVEN, INC., | : |
| Plaintiff, | : |
| - against - | : |
| FARRUKH BAIG, BUSHRA BAIG, AZHAR ZIA and ABY'S ENTERPRISES LTD., | : |
| Defendants. | : |

NO. 2:13-cv-06354-SJF-WDW

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF 7-ELEVEN, INC. FOR DEFAULT JUDGMENT AGAINST DEFENDANT AZHAR ZIA

### DUANE MORRIS LLP

Stephen Sussman (SS-1072)
E-mail:ssussman@duanemorris.com
Susan V. Metcalfe (SVM-4694)
E-mail:  svmetcalfe@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone:  +1 212 692 1000
Fax:  +1 212 692 1020

- and -

### JONES DAY

222 East 41st Street
New York, New York 10017-6702
Robert W. Gaffey
E-mail:  rwgaffey@JonesDay.com
William J. Hine
E-mail:  wjhine@jonesday.com
Tel:  (212) 326-3939
Fax:  (212) 755-7306

*Attorneys for Plaintiff, 7-Eleven, Inc.*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................................1

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .................................2

III.   ARGUMENT ........................................................................................................5

      A.     Zia's Default is the Result of Willful Conduct. .......................................... 5

      B.     Zia Has Failed to Proffer a Meritorious Defense. ..................................... 6

      C.     7-Eleven Would be Prejudiced by the Denial of the Instant Motion. ..................... 6

IV.   CONCLUSION .....................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41 (E.D.N.Y. 2002) ................................................6

*Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155
    (2d Cir. 1992) .........................................................................................................................5

*S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998) .........................................................................6

*Shah v. New York State Dep't of Civil Service*, 168 F.3d 610 (2d Cir. 1999) ...........................5

*Symbol Technologies, Inc. v. Burke*, No. CV-04-4863, 2010 WL 67821
    (E.D.N.Y., Feb. 24, 2010)(Feuerstein, J.) .......................................................................... 5-7

*United States v. DiPaolo*, 466 F.Supp.2d 476 (S.D.N.Y. 2006) ..................................................5

**Rules**

Fed. R. Civ. P. 55 .........................................................................................................................5

Fed. R. Civ. P. 55(b)(2) ................................................................................................................4

Fed. R. Civ. P. 55(b)(2)(A) ..........................................................................................................4

Fed. R. Civ. P. 55(b)(2)(B) ..........................................................................................................4

Fed. R. Civ. P. 55(b)(2)(C) ..........................................................................................................4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

(Electronically Filed)

|  |  |
|---|---|
| 7-ELEVEN, INC., | : |
| Plaintiff, | : |
| - against - | : |
| | : |
| FARRUKH BAIG, BUSHRA BAIG, AZHAR ZIA and ABY'S ENTERPRISES LTD., | : |
| Defendants. | : |

NO. 2:13-cv-06354-SJF-WDW

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF 7-ELEVEN, INC.**
**FOR DEFAULT JUDGMENT AGAINST DEFENDANT AZHAR ZIA**

## I.     INTRODUCTION

On November 18, 2013, 7-Eleven, Inc. ("7-Eleven"), which franchises and operates the nationwide 7-Eleven® retail chain of convenience stores, filed a complaint against the defendants, franchisees of ten 7-Eleven® stores across Long Island, seeking redress from their abandonment of the stores following their June 12, 2013 indictments on felony charges relating to alleged widespread, fraudulent conduct committed by them over a multi-year span in connection with their operation of the stores.  In its complaint, 7-Eleven seeks, *inter alia*, declaratory judgment that defendants' franchise agreements are terminated.

Upon the unsealing of the indictments on June 17, 2013, federal agents and police raided defendants' stores, making multiple arrests in connection with the indictments and taking into custody a number of defendants' workers the government asserts have been working in the country illegally.  These arrests and detainments, coupled with the apparent flight of others involved in the operation of the stores, including defendant Azhar Zia ("Zia") , left the stores essentially deserted and without management.

In cooperation with the federal authorities, and in conformance with the provisions of defendants' franchise agreements, 7-Eleven assumed operation of the stores and has been operating them continuously since June 17, 2013.  By Order dated December 5, 2013, this Court appointed Dan Kaepernik as Receiver of the stores, so that 7-Eleven could fully perform all of the functions necessary to operate the stores pending final judgment of this action.

Zia has failed to appear in this matter, and has failed to file an Answer or otherwise respond to the Complaint, and has made no attempt whatsoever to communicate with the Court or with 7-Eleven since 7-Eleven initiated this action.  Accordingly, 7-Eleven now requests the entry of default judgment against Zia only, with regard to both Counts of the Complaint.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2013, 7-Eleven filed its Complaint in this matter.  Metcalfe Declaration,[1] ¶ 2 and Exhibit A thereto.  The facts regarding Zia's conduct are set forth in detail in the Complaint (Metcalfe Decl., Ex. A), as well as in the indictment issued against Zia on June 12, 2013, which is attached as Exhibit L to the Declaration of Dan Kaepernik (the "Kaepernik Declaration").  The Kaepernik Declaration,[2] originally filed herein on November 26, 2013, is attached as Exhibit C to the Metcalfe Declaration. (*See* Metcalfe Decl., Ex. C).

In summary, Zia is a former franchisee of two 7-Eleven® stores, identified as Store Nos. 2423-11218A and 2422-32757A (the "Stores"), which are the subject of the instant action, pursuant to two separate franchise agreements (the "Franchise Agreements").  Store Nos. 2423-11218A and 2422-32757A are located, respectively, at 128 Carlton Avenue, Islip Terrace, New

---

[1] Reference to the Metcalfe Declaration ("Metcalfe Decl.") is to the Declaration of Susan Metcalfe, filed herewith, in support of 7-Eleven's Motion for Default Judgment.

[2] Reference to the Kaepernik Declaration is to the Declaration of Dan Kaepernik in support of 7-Eleven's Motion for the Appointment of a Receiver, filed herein on November 26, 2013.

York 11752 (the "Islip Terrace Store") and 128 East Main Street, Huntington, New York 11743 (the "Huntington Store").  Kaepernik Decl., ¶ 20.

On June 12, 2013, a Grand Jury sitting in the Eastern District of New York issued indictments ("Indictments") against Zia, Farrukh Baig, Bushra Baig, and others, on multiple felony counts.  In the Indictments, the individuals are charged with allegedly (i) harboring illegal aliens for financial gain, (ii) wire fraud, and (iii) aggravated identity theft, based upon acts committed in connection with defendants' operation of their 7 Eleven® stores and otherwise. *Id.*, ¶ 23.

On or about June 17, 2013, the Indictments were unsealed, and multiple co-defendants of Zia were arraigned.  Federal agents were unable to find and arrest Zia, who apparently became a fugitive from the law.  Following that date, Zia made no attempt to continue or resume operation of the Stores.  Zia's abandonment of the Stores constitutes a non-curable material breach of the Franchise Agreements. *Id.*, ¶¶ 28-30.

As a result of Zia's non-curable material breach of the Franchise Agreements, 7-Eleven terminated the Franchise Agreements by notice dated November 26, 2013. *Id.*, ¶¶ 48-49.  7-Eleven filed the instant action seeking, as to Zia, a declaration that (i) the Franchise Agreements are terminated and that 7-Eleven is legally entitled to possession of the Stores, together with the equipment and merchandise inventory therein, and (ii) Zia has no further rights in or to any of the Stores or under the Franchise Agreements. *See* Metcalfe Decl., Ex. A.

On November 29, 2013, Defendant Azhar Zia (hereinafter sometimes "Defendant") was served with a copy of the Complaint and his Answer thereto was due December 20, 2013. Metcalfe Decl., ¶ 3 and Ex. B thereto.  The time for Defendant to answer or to otherwise move with respect to the Complaint has expired, and the time for Defendant to answer or to otherwise

move has not been extended.  Metcalfe Decl., ¶ 7 and Ex. D.  Defendant has not answered, moved or otherwise responded to the Complaint.  *Id.*  On February 4, 2014, the Clerk of Court entered the default of Defendant.  Metcalfe Decl., ¶ 9 and Ex. E thereto.  The Defendant is not an infant, and 7-Eleven has no reason to believe that Defendant is an incompetent person or is in the military.  *Id.*, ¶ 10.

Here, although 7-Eleven has incurred money damages and suffered other economic harm as a result of Defendant's conduct, 7-Eleven does not seek money damages for purposes of this default judgment, but rather seeks only declaratory judgment that (i) the Franchise Agreements are terminated and 7-Eleven is entitled to possession of the Stores, together with the equipment and merchandise inventory therein, and (ii) Defendant has no further rights in or to any of the Stores or under the Franchise Agreements.  Accordingly, there is no need to calculate or determine any quantum of monetary damages, and therefore no need to conduct a hearing for that purpose.  *See* FED. R. CIV. P. 55(b)(2)(B).

Furthermore, there is no need to conduct an accounting, establish the truth of any allegation by evidence, or investigate any other matter.  *See* FED. R. CIV. P. 55(b)(2)(A) and (C).  The facts of the case -- unchallenged by Zia -- are set forth in detail in 7-Eleven's Complaint and in the Kaepernik Declaration.

Neither Zia nor any representative of Zia has appeared in this matter.  Metcalfe Decl., ¶ 13.  Therefore, written notice of the instant application for default judgment need not be given.  *See* FED. R. CIV. P. 55(b)(2).  Accordingly, no further proceedings are necessary prior to the entry of default judgment against Zia.

Upon application by 7-Eleven, by Order of this Court dated December 5, 2013, Dan Kaepernik was appointed temporary receiver of the Stores.  Metcalfe Decl., ¶ 15 and Exhibit F

thereto.  Because Zia has abandoned the Stores and cannot be located, it is necessary to continue Mr. Kaepernik's receivership of the Stores even after judgment is entered for 7-Eleven, so that Mr. Kaepernik may transfer licenses issued to Zia pertaining to the operation of the Stores, or surrender them to the proper authorities as necessary to allow new licenses to be obtained for the locations.  Metcalfe Decl., ¶ 16.

## III.    ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part, that a default judgment may be entered "[w]hen a Party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  FED. R. CIV. P. 55; *Symbol Technologies, Inc. v. Burke*, No. CV-04-4863, 2010 WL 67821 at *4 (E.D.N.Y., Feb. 24, 2010)(Feuerstein, J.).  A party's default is "deemed to constitute a concession of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

The determination of whether to enter a default judgment is left to the sound discretion of the district court.  *Shah v. New York State Dep't of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999).  In determining whether to enter a default judgment, a court should consider the following factors:  (1) the willfulness of the default; (2) whether the defendant has a meritorious defense; and (3) the prejudice, if any, to the moving party if the motion were denied.  *Symbol Technologies*, 2010 WL 67821 at *5, *citing*, *inter alia*, *United States v. DiPaolo*, 466 F.Supp.2d 476, 482 (S.D.N.Y. 2006).  All of these factors support the entry of default judgment against Zia.

### A.    Zia's Default is the Result of Willful Conduct.

In the context of a default, willfulness means "conduct that is more than merely negligent or careless."  *Symbol Technologies*, 2010 WL 67821 at *5, *citing S.E.C. v. McNulty*, 137 F.3d

732, 738 (2d Cir. 1998).  The conduct of the litigant or his counsel "must be egregious and not satisfactorily explained."  *Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41, 44 (E.D.N.Y. 2002). Here, there can be no doubt that Zia's default is willful and egregious, as it apparently stems from his ongoing attempts to evade arrest following the unsealing of the Indictments.  The only reasonable interpretation of the events is that Zia made a calculated decision to abandon the Stores and acquiesce in the possible imposition of civil liability in order to evade criminal prosecution.

### B.      Zia Has Failed to Proffer a Meritorious Defense.

To establish a meritorious defense, the defendant "need not establish his defense conclusively, but must present evidence of facts that if proven at trial, would constitute a complete defense."  *McNulty*, 137 F.3d at 740 (2d Cir. 1998).  Here, Zia has proffered no defense, having utterly failed to enter an appearance or take any steps whatsoever with regard to the instant litigation.

### C.      7-Eleven Would be Prejudiced by the Denial of the Instant Motion.

It is axiomatic that the denial of a motion for default judgment prejudices the plaintiff where there are no additional steps available to it to secure relief.  *Symbol Technologies*, 2010 WL 67821 at *6, *citing Trustees of the CWA Local 14156—Printers, Publishers & Media Workers Benefit Fund v. Rumar Typesetting and Design,* No. 05 Civ. 1455, 2006 WL 1227183, at *2 (S.D.N.Y., May 5, 2006).

In *Symbol Technologies*, this Court found that such circumstances existed where the defendant's counsel entered an appearance in the case and participated in certain court proceedings, but where the defendant refused to respond to the complaint or give a deposition pending his sentencing in related criminal proceedings.  In granting the plaintiff's motion for

default judgment, the Court opined that the plaintiff should not have to prosecute a case in which it is unaware of its opponent's defense, reasoning:

> [I]t is unclear what additional steps plaintiff could take to prompt [defendant] to file an answer or otherwise respond to the complaint, so a denial of its motion would effectively defeat its valid claims against [defendant].

*Id.* at *6.

Here, the prejudice to 7-Eleven is even more apparent than in *Symbol Technologies*.  Zia successfully evaded arrest following the unsealing of the Indictments, and has not been seen or heard from since.  Absent the entry of default judgment, 7-Eleven has no recourse and will be forced to operate the Stores itself, unable to refranchise or otherwise dispose of the Stores until the Franchise Agreements expire by their terms.

## IV.    CONCLUSION

For all of the foregoing reasons, 7-Eleven respectfully requests that judgment be entered in its favor and against Defendant, Azhar Zia, in the form of the proposed Order and Judgment submitted herewith,

> a.    declaring that (i) the Franchise Agreements are terminated and that 7-Eleven is entitled to possession of the Stores, together with the equipment and merchandise inventory therein, and (ii) Defendant has no further rights in or to any of the Stores or under the Franchise Agreements; and,

      b.      ordering that Dan Kaepernik shall remain the receiver of the Stores for as long as necessary to effectuate the orderly transfer of all licenses pertaining to the operation of the Stores.

Dated: February 26, 2014
      New York, New York

**DUANE MORRIS LLP**

By:    <u>/s/ Susan V. Metcalfe</u>
      Stephen Sussman (SS-1072)
      Email:  ssussman@duanemorris.com
      Susan V. Metcalfe (SVM-4694)
      Email:  svmetcalfe@duanemorris.com
      1540 Broadway
      New York, NY 10036-4086
      Telephone:  +1 212 692 1000
      Fax:  +1 212 692 1020

      -and-

**JONES DAY**
      Robert W. Gaffey (RWG-4004)
      E-mail:  rwgaffey@JonesDay.com
      William J. Hine (WH-6766)
      E-mail:  wjhine@jonesday.com
      222 East 41st Street
      New York, New York 10017-6702
      Tel:  (212) 326-3939
      Fax:  (212) 755-7306

*Attorneys for Plaintiff, 7-Eleven, Inc.*

DM1\4472762.1