| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **(Electronically Filed)** |
| 7-ELEVEN, INC., | No. 2:13-cv-06354-SJF-WDW |
| Plaintiff, | |
| - against - | **DECLARATION OF SUSAN V. METCALFE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT AZHAR ZIA** |
| FARRUKH BAIG, BUSHRA BAIG, AZHAR ZIA and ABY'S ENTERPRISES LTD., | |
| Defendants. | |

**SUSAN V. METCALFE** hereby declares as follows:

1. I am a partner of the firm of Duane Morris, LLP, attorneys for the Plaintiff 7-Eleven, Inc. ("7-Eleven").

2. On November 18, 2013, 7-Eleven filed its Complaint in this matter. A true and correct copy of the Complaint is attached hereto as Exhibit A.

3. On November 29, 2013, Defendant Azhar Zia ("Zia") was served with a copy of the Complaint, and his Answer thereto was due December 20, 2013. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

4. Zia is a former franchisee of two 7-Eleven stores, identified as Store Nos. 2423-11218A and 2422-32757A (the "Stores"), which are the subject of the instant action, pursuant to two separate franchise agreements (the "Franchise Agreements"). Store Nos. 2423-11218A and 2422-32757A are located, respectively, at 128 Carlton Avenue, Islip Terrace, New York 11752 (the "Islip Terrace Store") and 128 East Main Street, Huntington, New York 11743 (the

"Huntington Store"). *See* Kaepernik Decl., ¶ 20, a true and correct copy of which is attached hereto as Exhibit C.[1]

5. On or about June 17, 2013, the Indictments were unsealed, and multiple co-defendants of Zia were arraigned. Federal agents were unable to find and arrest Zia, who apparently became a fugitive from the law. Following that date, Zia made no attempt to continue or resume operation of the Stores. Zia's abandonment of the Stores constitutes a non-curable material breach of the Franchise Agreements.

6. As a result of Zia's non-curable material breach of the Franchise Agreements, 7-Eleven terminated the Franchise Agreements by notice dated November 26, 2013. *Id.*, ¶¶ 48-49. 7-Eleven filed the instant action seeking a declaration that (i) the Franchise Agreements are terminated and that 7-Eleven is legally entitled to possession of the Stores, together with the equipment and merchandise inventory therein, and (ii) Zia has no further rights in or to any of the Stores or under the Franchise Agreements. *See* Complaint, Exhibit A hereto.

7. The time for Zia to answer or to otherwise move with respect to the Complaint has expired, and the time for Zia to answer or to otherwise move has not been extended. *See* Docket Report, a true and correct copy of which is attached hereto as Exhibit D.

8. Zia has not answered, moved or otherwise responded to the Complaint.

9. On February 4, 2014, the Clerk of Court entered default against Zia. A true and correct copy of the Certificate of Default is attached hereto as Exhibit E.

10. Zia is not an infant, and 7-Eleven has no reason to believe that Zia is an incompetent person or is in the military.

---

[1] Reference to Kaepernik Decl. is to the Declaration of Dan Kaepernik in support of 7-Eleven's Motion for the Appointment of a Receiver, filed herein on November 26, 2013.

11. Here, although 7-Eleven has incurred money damages and suffered other economic harm as a result of Zia's conduct, 7-Eleven does not seek money damages for purposes of this default judgment, but rather seeks only declaratory judgment that (i) the Franchise Agreements are terminated and 7-Eleven is entitled to possession of the Stores, together with the equipment and merchandise inventory therein, and (ii) Zia has no further rights in or to any of the Stores or under the Franchise Agreements. Accordingly, there is no need to calculate or determine any quantum of monetary damages, and therefore no need to conduct a hearing for that purpose. *See* FED. R. CIV. P. 55(b)(2)(B).

12. Furthermore, there is no need to conduct an accounting, establish the truth of any allegation by evidence, or investigate any other matter. *See* FED. R. CIV. P. 55(b)(2)(A) and (C). The facts of the case -- unchallenged by Zia -- are set forth in detail in 7-Eleven's Complaint and in the Declaration of Dan Kaepernik in support of 7-Eleven's Motion for the Appointment of a Receiver, filed herein on November 26, 2013 (Exhibit C hereto).

13. Neither Zia nor any representative of Zia has appeared in this matter. Therefore, written notice of the instant application for default judgment need not be given. *See* FED. R. CIV. P. 55(b)(2).

14. Accordingly, no further proceedings are necessary prior to the entry of default judgment against Zia.

15. Upon application by 7-Eleven, by Order of this Court dated December 5, 2013, Dan Kaepernik was appointed temporary receiver of the Stores. A true and correct copy of the December 5, 2013 Order is attached hereto as Exhibit F.

16. Because Zia has abandoned the Stores and cannot be located, it is necessary to continue Mr. Kaepernik's receivership of the Stores even after judgment is entered for 7-Eleven,

so that Mr. Kaepernik may transfer licenses issued to Zia pertaining to the operation of the Stores, or surrender them to the proper authorities as necessary to allow new licenses to be obtained for the locations.

17. As a result of Zia's default, 7-Eleven respectfully requests that judgment be entered in its favor and against Zia in the form of the proposed Order and Judgment submitted herewith,

   a. declaring that (i) the Franchise Agreements are terminated and that 7-Eleven is entitled to possession of the Stores, together with the equipment and merchandise inventory therein, and (ii) Zia has no further rights in or to any of the Stores or under the Franchise Agreements; and,

   b. ordering that Dan Kaepernik shall remain the receiver of the Stores for as long as necessary to effectuate the orderly transfer of all licenses pertaining to the operation of the Stores.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, or information and belief.

Dated: February 26, 2014

/s/ Susan V. Metcalfe
SUSAN V. METCALFE