TUMELTY & SPIER, LLP
By: John Tumelty, Esq.
160 Broadway, Suite 708
New York, New York 10038
Telephone 212-566-4681
Fax 1-212-566-4749
E-mail johntslaw@aol.com
Attorneys for Defendants
FARRUK BAIG, BUSHRA BAIG and
ABY'S ENTERPRISES LTD.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
7-ELEVEN, INC.,

                                        Plaintiff,

                                                                    13 cv 6354 (SJF) (WDW)
-against-


                                                                    **ANSWER BY FARRUKH BAIG,**
FARRUKH BAIG, BUSHRA BAIG, AZHAR ZIA and                            **BUSHRA BAIG and ABY'S**
ABY'S ENTERPRISES LTD.,                                             **ENTERPRISES LTD.**

                                        Defendants.


-------------------------------------------------------------------------------X

Defendants **FARRUKH BAIG, BUSHRA BAIG**, and **ABY'S ENTERPRISES LTD.**, by and

through their attorneys, **Tumelty & Spier, LLP**, 160 Broadway, Suite 708, New York, New York

10038, for its answer to the complaint, respectfully alleges as follows:


1.  Denies the allegations of paragraph "1" of the complaint except admits that the

    responding Defendants individually, or jointly, and/or jointly with the corporate

    Defendant, are franchisees of ten (10) 7-Eleven stores (hereafter "the stores"),  in

Suffolk County with and one of the ten stores in Nassau County, and that there was an Indictment issued against the Individual responding defendants which is pending in the United States District Court in the Eastern District of New York, wherein both of the individual responding defendants have entered not guilty pleas.

2. Deny the allegations of paragraph "2" of the complaint except admit that on June 17, 2013 federal agents seized property in the stores and Farrukh Baig and Bushra Baig were arrested and that 7-Eleven immediately usurped operation of the stores and terminated the employees working at the stores.

3. Deny the allegations of paragraph "3" of the complaint and refer all questions of law to this honorable Court.

4. No response is required to Plaintiff's statement as contained in paragraph "4" of the complaint.

5. No response is required to Plaintiff's statement as contained in paragraph "5" of the complaint. There is currently a receiver in place who is managing and operating the stores.

6. Admit the allegations of paragraph "6" of the complaint based upon the factual allegations as pled by Plaintiff.

7. Admit the allegations of paragraph "7" of the complaint based upon the factual allegations as pled by Plaintiff.

8. Admit the allegations of paragraph "8".

9. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "10" of the complaint.

11. Admit the allegations of paragraph "11" of the complaint.

12. Admit the allegations of paragraph "12" of the complaint.

13. Admit the allegations of paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "19" of the complaint.

20. Admit the allegations of paragraph "20" of the complaint.

21. Admit the allegations of paragraph "21" of the complaint.

22. Admit the allegations of paragraph "22" of the complaint.

23. Admit the allegations of paragraph "23" of the complaint.

24. Admit the allegations of paragraph "24" of the complaint.

25. Admit the allegations of paragraph "25" of the complaint.

26. Admit the allegations of paragraph "26" of the complaint.

27. Admit the allegations of paragraph "27" of the complaint.

28. Admit the allegations of paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations of

   paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the allegations of

   paragraph "30" of the complaint.

31. No response is required to Plaintiff's statement as contained in paragraph "31" of the

   complaint.

32. No response is required to Plaintiff's statement as contained in paragraph "32" of the

   complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations of

   paragraph "33" of the complaint and refer all questions of law to the Court.

34. Deny the allegations of paragraph "34" and refer the court to the ten various franchise

   agreements.

35. Deny the allegations of paragraph "35" and refer the court to the ten various franchise

   agreements.

36. Deny the allegations of paragraph "36" and refer the court to the ten various franchise

   agreements.

37. Admit the allegations of paragraph "37" of the complaint.

38. Admit the allegations of paragraph "38" of the complaint.

39. Admit the allegations of paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "40" of the complaint except admit that nine of the stores are located in Suffolk County, New York and the Huntington Store is located in Nassau County.

41. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "44" of the complaint and refer the Court to the contracts at issue.

45. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "46" of the complaint and refer the Court to the ten various franchise agreements.

47. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "47" of the complaint and refer the Court to the ten various franchise agreements.

48. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "48" of the complaint and refer the Court to the ten various franchise agreements.

49. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "49" of the complaint and refer the Court to the ten various franchise agreements.

50. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "50" of the complaint and refer the Court to the ten various franchise agreements.

51. Deny the allegations of paragraph "51" of the complaint  and refer the Court to the ten various franchise agreements.

52. Deny the allegations of paragraph "52" of the complaint.

53. Deny the allegations of paragraph "53" of the complaint.

54. Admit the allegations of paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "55" of the complaint.

56. Admit the allegations of paragraph "56" of the complaint.

57. Denies the allegations of paragraph "57" of the complaint except admits that there was an Indictment issued against the Individual defendants which is pending in the United States District Court in the Eastern District of New York, wherein both of the individual responding defendants have entered not guilty pleas.

58. Denies the allegations of paragraph "58" of the complaint except admits that there was an Indictment issued against the Individual defendants which is pending in the United States District Court in the Eastern District of New York, wherein both of the individual responding defendants have entered not guilty pleas.

59. Deny the allegations of paragraph "59" of the complaint.

60. Denies the allegations of paragraph "60" of the complaint except admits that there was an Indictment issued against the Individual defendants which is pending in the United States District Court in the Eastern District of New York, wherein both of the individual responding defendants have entered not guilty pleas.

61. Denies the allegations of paragraph "61" of the complaint except admits that there was an Indictment issued against the Individual defendants which is pending in the United States District Court in the Eastern District of New York, wherein both of the individual responding defendants have entered not guilty pleas and initially both Farrukh Baig and Bushra Baig were held in custody.

62. Admit the allegations of paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "63" of the complaint except Admit that Zia is believed to be at large.

64. Deny the allegations of paragraph "64" of the complaint.

65. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "65" of the complaint except Admit that Zia is believed to be at large.

66. Deny the allegations of paragraph "66" of the complaint and as set forth herein a receiver has been appointed for the subject stores.

67. Deny the allegations of paragraph "67" of the complaint and as set forth herein a receiver has been appointed for the subject stores.

68. Deny the allegations of paragraph "68" of the complaint and as set forth herein a receiver was subsequently appointed for the subject stores.

69. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "69" of the complaint and refer all conclusions of fact and or law to the Court and trier of fact.

70. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "70" of the complaint and refer all conclusions of fact and or law to the Court and trier of fact.

71. Deny the allegations of paragraph "71" of the complaint.

72. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "72" of the complaint.

73. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "73" of the complaint.

74. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "74" of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "75" of the complaint.

76. Deny the allegations of paragraph "76" of the complaint.

**AS AND FOR A RESPONSE TO COUNT ONE OF THE COMPLAINT ( Breach of Contract).**

77. Responding Defendants repeat and reiterate the preceding responses as if fully set forth

    herein.

78. Deny the allegations of paragraph "78" of the complaint  and refer the Court to the ten

    various franchise agreements for the full content of the agreements and refer all

    questions of fact to the trier of fact and questions of law to the Court.

79. Deny the allegations of paragraph "79" of the complaint  and refer the Court to the ten

    various franchise agreements for the full content of the agreements and refer all

    questions of fact to the trier of fact and questions of law to the Court.

80. Deny the allegations of paragraph "80" of the complaint.

81. Deny the allegations of paragraph "81" of the complaint  and refer the Court to the ten

    various franchise agreements for the full content of the agreements and refer all

    questions of fact to the trier of fact and questions of law to the Court.

82. Deny the allegations of paragraph "82" of the complaint.

83. Deny the allegations of paragraph "83" of the complaint.

84. Deny the allegations of paragraph "84" of the complaint.

**AS AND FOR A RESPONSE TO COUNT TWO OF THE COMPLAINT (Declaratory Judgment).**

85. Responding Defendants repeat and reiterate the preceding responses as if fully set forth herein.

86. Deny the allegations of paragraph "86" of the complaint.

87. Deny the allegations of paragraph "87" of the complaint and refer the Court to the ten various franchise agreements for the full content of the agreements and refer all questions of fact to the trier of fact and questions of law to the Court.

88. Admit the allegations of paragraph "88" of the complaint.

89. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "89" of the complaint and refer all conclusions of fact and or law to the Court and trier of fact.

90. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "90" of the complaint and refer all conclusions of fact and or law to the Court and trier of fact.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action as against the answering Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring the within lawsuit against the answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks capacity to bring the within lawsuit against the answering Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with all conditions precedent required to bring the within action

against the answering Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has breached the contracts between Plaintiff and the answering Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has engaged in discriminatory business practices as against the answering Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any claimed losses or damages are due to Plaintiff's own culpable conduct.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the doctrine of unclean hands in asserting the action claimed.

Plaintiff comes to court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of declaratory judgment from this Court. Plaintiff's unclean hands result from the plaintiff's improvident, predatory and intentional failure to comply with the material terms of the franchise agreements and the failure to comply with the default notice requirements that apply to the subject contracts. As a matter of equity this Court should refuse to grant the relief requested because it would be inequitable, unjust, and the circumstances of this case render such remedy unconscionable. This court should refuse the to grant the relief requested because plaintiff has waived the right to such relief and/ or is estopped from doing so because of misleading conduct and unfulfilled contractual and equitable conditions precedent.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by fraud.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by failing to comply with applicable New York State Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by failing to comply with applicable Federal Law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by self dealing of Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the violation of the implied covenant of good faith and fair dealing.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred for Plaintiff's violation of the New York Franchise Practices Act.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of unjust enrichment.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE.

Any damages sustained by Plaintiff, which is denied, were caused by the supervening intervening acts of third parties over which responding defendants have no control

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE.

Plaintiff's action is barred for Plaintiff's violation of New York General Business Law, Article 33, as contained in §'s 680 through 695.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred as violative of Federal Trade Commission Franchise Rules.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred as violative of the Uniform Franchise Offering Circular Guidelines.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by waiver.

**AS AND FOR A TWENTY- FIRST AFFIRMATIVE DEFENSE**

Plaintiff's action is barred for Failure to join indispensable parties.

**AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE**

Plaintiff's action is barred for Failure to join all parties in interest.

**AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the doctrine of equitable estoppel.

**AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred due to precipatory breach of contract by Plaintiff.

**AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred due to fraud in the origination of the franchise agreements.

**AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred due to unfair and deceptive franchise practices.

WHEREFORE, defendants FARRUKH BAIG, BUSHRA BAIG, and ABY'S ENTERPRISES LTD

request judgment as follows:

1. Dismissing the complaint with prejudice;

2. Their costs and disbursements; and

3. Such other and further relief as the court deems equitable and just.

Dated: New York, New York
          April 30, 2014

Yours, etc.

John Tumelty, Esq.
Tumelty & Spier, LLP
Attorneys for Defendants
FARRUKH BAIG, BUSHRA BAIG and
ABY'S ENTERPRISES LTD.
160 Broadway, Suite 708
New York, New York 10038
(212) 566-4681
Fax (212) 566-4749
e-mail direct johntslaw@aol.com

TO:

DUANE MORRIS LLP
Attorneys for Plaintiff
7-Eleven, Inc.
Attn: Susan V. Metcalfe, Esq.
          svmetcalfe@duanemorris.com
     Steven Sussman, Esq.
          ssussman@duanemorris.com
1540 Broadway
New York, New York 10036-4086

Telephone 212-692-1000
Facsimile 212-692-1020