

| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>SHANGHAI<br>BOSTON<br>HOUSTON<br>LOS ANGELES<br>HANOI<br>HO CHI MINH CITY | FIRM and AFFILIATE OFFICES<br><br>SUSAN V. METCALFE<br>PERSONAL FAX: +1 215 689 1927<br>E-MAIL: svmetcalfe@duanemorris.com<br><br>www.duanemorris.com | ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>A GCC REPRESENTATIVE OFFICE<br>OF DUANE MORRIS<br><br>MEXICO CITY<br>ALLIANCE WITH<br>MIRANDA & ESTAVILLO<br>SRI LANKA<br>ALLIANCE WITH<br>GOWERS INTERNATIONAL |

February 13, 2015

VIA ECF

Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court - EDNY
100 Federal Plaza
Central Islip, NY 11722

  Re: **7-Eleven, Inc. v. Baig et al. -- 2:13-cv-6354 - SJF-WDW**

Dear Judge Feuerstein;

  This firm represents 7-Eleven, Inc. ("7-Eleven"), the Plaintiff in the above-referenced matter.  We write to request that the Court amend its Order of December 5, 2013 to appoint Thomas Brennen to act as receiver ("Receiver") over the property at issue in this case, taking the place of Daniel Kaepernik, who can no longer serve in that capacity.  Because this is a time-sensitive issue, we respectfully ask for the Court's attention to this matter as soon as possible, as certain licenses necessary for the operation of the 7-Eleven stores at issue are set to expire at the end of this month.

  By way of background, on November 18, 2013, 7-Eleven filed a complaint against the defendants, franchisees of ten 7-Eleven stores across Long Island, seeking redress from their abandonment of the stores following their June 12, 2013 indictments on felony charges relating to alleged widespread, fraudulent conduct committed by them over a multi-year span in connection with their operation of the stores.  In this action, 7-Eleven seeks, *inter alia*, a declaratory judgment that defendants' franchise agreements were terminable as a result of defendants' abandonment of their franchises, and effectively terminated upon delivery of a non-curable notice of termination on or about November 26, 2013.

  Upon the unsealing of the indictments on June 17, 2013, federal agents and police raided defendants' stores, making multiple arrests in connection with the indictments and taking into

DUANE MORRIS LLP

30 SOUTH 17TH STREET  PHILADELPHIA, PA 19103-4196    PHONE: +1 215 979 1000  FAX: +1 215 979 1020



Hon. Sandra J. Feuerstein, U.S.D.J.
February 13, 2015
Page 2

custody a number of defendants' workers the government asserts have been working in the country illegally. These arrests and detainments, coupled with the apparent flight of others involved in the operation of the stores, including defendant Azhar Zia ("Zia"), left the stores essentially deserted and without management.

In cooperation with the federal authorities, and in conformance with the provisions of defendants' franchise agreements, 7-Eleven assumed operation of the stores and has been operating them continuously since June 17, 2013. By Order dated December 5, 2013, this Court appointed Dan Kaepernik, the North Atlantic Zone Leader of 7-Eleven, as Receiver of the stores so that 7-Eleven could fully perform all of the functions necessary to operate the stores pending final judgment of this action.[1] Pursuant to that appointment, 7-Eleven has filed and posted a

---

[1] By Order and Judgment dated May 15, 2014, default judgment was entered against Z. Accordingly, a receivership is no longer necessary to protect and conserve the 7-Eleven convenience stores formerly franchised by Zia. Consequently, the receivership only applies to the stores of defendants Farrukh Baig and Bushra Baig (collectively, "Baig Defendants").

The stores requiring a receiver are as follows:

    a.    7-Eleven Store No. 2423-11194D located at 1316 Middle Country Road, Selden, New York 11784 (the "Selden Store");

    b.    7-Eleven Store No. 2423-11204G located at 2715 Union St., Islip, New York 11751 (the "Islip Store");

    c.    7-Eleven Store No. 2423-16440D located at 28925 Main Road, Cutchogue, New York 11935 (the "Cutchogue Store");

    d.    7-Eleven Store No. 2423-20093D located at 74730 Main Rd., Greenport, New York 11944 (the "Greenport Store");

    e.    7-Eleven Store No. 2423-23924C located at 500 Old Town Rd., Port Jefferson Station, New York 11776 (the "Port Jefferson Station Store");

    f.    7-Eleven Store No. 2423-27642D located at 20 West Water Street Shops, Sag Harbor, New York 11963 (the "Sag Harbor Store");

    g.    7-Eleven Store No. 2423-34298A located at 235 Smithtown Blvd., Nesconset, New York 11767 (the "Nesconset Store"); and,

    h.    7-Eleven Store No. 2423-34450 located at 710 Route 347, Smithtown, New York 11787 (the "Smithtown Store").

DuaneMorris

Hon. Sandra J. Feuerstein, U.S.D.J.
February 13, 2015
Page 3

bond in the amount of $500,000.00 as security against any money damages that defendants may sustain by reason of the appointment of the Receiver.

      Mr. Kaepernik faithfully carried out his duties as Receiver, but he recently tendered his resignation to 7-Eleven to pursue an opportunity with a different company and is no longer employed by 7-Eleven. The receivership continues to be necessary to protect and preserve the property at issue. Consequently, a prompt substitution of the Receiver must take place. It is well established that the Court has the power to appoint a receiver to manage assets during litigation when such appointment is "clearly necessary to protect the plaintiff's interests in the property." *Rosen v. Siegel*, 106 F.3d 28, 33-34 (2d Cir. 1997). It is axiomatic that this power encompasses the authority to accept and appoint a new individual to take the place of a receiver who is unable or unwilling to continue serving in that capacity.

      Mr. Kaepernik's departure coincides with the expiration of certain licenses for the above-referenced stores, including licenses to sell food. These licenses must be renewed by the end of February 2015 to maintain the current operations of these stores. Failure to renew these licenses would result in the loss of sales, profits, and customer goodwill, causing irreparable harm to 7-Eleven. As a result, the immediate appointment of a new Receiver is necessary to process the renewal of said licenses in an expeditious manner.

      7-Eleven proposes Thomas Brennan, 7-Eleven's Vice President, Store Operations East, to serve as Receiver in lieu of Mr. Kaepernik. 7-Eleven advised John Tumelty, Esquire, counsel for the Baig Defendants, of its intention to seek this substitution and requested Mr. Tumelty's consent thereto. Mr. Tumelty did not express any objection to Mr. Brennan's qualifications or fitness to serve as Receiver, but advised that he does not consent to the substitution.

      Attached for Your Honor's consideration is a proposed amendment to the December 5, 2013 Order currently in effect. The only material change to that Order is the naming of the new Receiver. We respectfully ask the Court to substitute Mr. Brennan for Mr. Kaepernik, carry over the already-posted $500,000.00 bond to Mr. Brennan, and enter the proposed Amended Order at the Court's earliest convenience, to facilitate the renewal of licenses by the end of February 2015.

      Respectfully,

      /s/ Susan V. Metcalfe

      Susan V. Metcalfe

SVM:ask
Enclosures

cc:    John Tumelty, Esq. (*via ECF*)