UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

(Electronically Filed)

7-ELEVEN, INC.,

                Plaintiff,

    - against -

FARRUKH BAIG,
BUSHRA BAIG, AZHAR ZIA
and ABY'S ENTERPRISES LTD.,

                Defendants.

Civil Action No.
2:13-cv-06354-SJF-WDW

AMENDMENT TO DECEMBER
5, 2013 ORDER GRANTING
PRELIMINARY INJUNCTION
AND APPOINTING RECEIVER

FILED
CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   FEB 17 2015   ★

LONG ISLAND OFFICE

Upon review of the letter motion of plaintiff, 7-Eleven, Inc. ("7-Eleven") and upon consideration of all of the proceedings and briefing to date, this Court's Order entered December 5, 2013, appointing a receiver of the property defined below, is hereby amended as follows:

The Court finds that the appointment of a receiver continues to be necessary to protect and conserve the Property and prevent irreparable harm to 7-Eleven, and further finds that Farrukh Baig and Bushra Baig (collectively, "Baig Defendants") will not be harmed by the continuing appointment of a receiver.

By Order and Judgment dated May 15, 2014, default judgment was entered against Azhar Zia ("Zia"). Accordingly, a receivership is no longer necessary to protect and conserve the 7-Eleven convenience stores formerly franchised by Zia.

Further, a preliminary injunction is necessary to (a) prevent waste of the Property; (b) prevent interference with the discharge of the receiver's duties; and (c) prevent impairment of the Property or 7-Eleven's interest in the Property.

NOW, THEREFORE, for good cause shown,

IT IS HEREBY ORDERED that:

DM1\5381533.2

## APPOINTMENT OF SUBSTITUTE RECEIVER

1.     APPOINTMENT OF SUBSTITUTE RECEIVER: Thomas Brennan ("Brennan") is appointed as receiver (the "Receiver") in this action effective immediately.  Brennan shall take the place of, and assume all of the powers and duties of, the former receiver, Daniel Kaepernik, who is hereby divested and relieved of the powers and duties set forth in this Court's December 5, 2013 Order.

2.     RECEIVER'S OATH.  The Receiver shall forthwith execute a receiver's oath.

3.     PLAINTIFF'S BOND.  7-Eleven has filed and posted a bond in the amount of $500,000.00 as security against any money damages defendants may sustain by reason of the appointment of the Receiver if 7-Eleven shall have procured the Receiver's appointment wrongfully or without sufficient cause.  The aforesaid bond shall be deemed applicable to the preliminary injunction herewith granted, and 7-Eleven shall not be required to post any further bond.

4.     RECEIVER'S FEES.   The Receiver shall not receive compensation for his services as Receiver, other than his ordinary and customary salary as an employee of 7-Eleven.

5.     THE RECEIVERSHIP PROPERTY.    The "Receivership Property," "Receivership Estate," or "Property," as those terms are used herein, comprises all of the real, personal, tangible and intangible property relating to, arising out of, or generated by the following:

          a.     7-Eleven Store No. 2423-11194D located at 1316 Middle Country Road, Selden, New York 11784 (the "Selden Store");

          b.     7-Eleven Store No. 2423-11204G located at 2715 Union St., Islip, New York 11751 (the "Islip Store");

2

     c.     7-Eleven Store No. 2423-16440D located at 28925 Main Road, Cutchogue, New York 11935 (the "Cutchogue Store");

     d.     7-Eleven Store No. 2423-20093D located at 74730 Main Rd., Greenport, New York 11944 (the "Greenport Store");

     e.     7-Eleven Store No. 2423-23924C located at 500 Old Town Rd., Port Jefferson Station, New York 11776 (the "Port Jefferson Station Store");

     f.     7-Eleven Store No. 2423-27642D located at 20 West Water Street Shops, Sag Harbor, New York 11963 (the "Sag Harbor Store");

     g.     7-Eleven Store No. 2423-34298A located at 235 Smithtown Blvd., Nesconset, New York 11767 (the "Nesconset Store"); and,

     h.     7-Eleven Store No. 2423-34450 located at 710 Route 347, Smithtown, New York 11787 (the "Smithtown Store").

6.     <u>POSSESSION BY THE RECEIVER</u>.     The Receiver shall take immediate possession of the Property.

7.     <u>POWERS AND DUTIES OF RECEIVER</u>: The Receiver shall have all powers, duties and authorities as are provided by law to (i) use, operate, manage and control the Property, to collect and receive any and all income from the Property, to protect, preserve, improve and maintain the Property, (ii) apply for, renew, and/or maintain any and all licenses pertaining to the operation of the Stores, including but not limited to licenses to sell food, alcohol, cigarettes, tobacco, lottery tickets, and nursery items, and (iii) enter into contracts and incur expenses that are necessary and appropriate to care for, preserve, maintain, and operate the Property. Furthermore:

a. In performing his duties, no risk or obligation shall be at the personal risk or obligation of the Receiver.

b. The Receiver may employ counsel without further Court order. Fees for same are subject to court approval.

c. Any and all income derived from the Property and expenses incurred in the maintenance and operation thereof shall be accounted for pursuant to the terms of the parties' Franchise Agreements; but neither 7-Eleven nor the Receiver shall make any payments of amounts due to defendants under the Franchise Agreements, pursuant to the *Ex Parte* Post-Indictment Restraining Orders entered June 14, 2013 in the criminal proceedings docketed to Nos. 2:13-cr-00351-SJF and 2:13-cr-00352-SJF, which remain in effect until further Order of the Court.

d. The Receiver may use any federal taxpayer identification numbers relating to the Property for any lawful purpose.

e. The Receiver shall operate the Property to preserve, protect, and secure the Property, and take possession of all accounts and all books and records relating to the Property. The Receiver shall have the authority to change signatures to the Receiver's signature on certificates and signature cards for existing licenses and accounts, and to transfer existing licenses and accounts, or funds in existing accounts, to licenses and account(s) established by the Receiver. The Receiver shall have the authority to receive and endorse checks constituting income from the Property.

8. NONINTERFERENCE WITH RECEIVER AND TURNOVER OF PROPERTY

a. The Baig Defendants and their representatives, and all other persons in active concert and participation with them, shall fully cooperate in making available and turning

4

over to the Receiver all Property, keys to the Property and the originals (or, with the Receiver's consent, copies) of all books, records, ledgers, bank records, documents, subcontracts, contracts, computer software and other business records wherever located relating to the Property.

b.   Except as may be otherwise ordered by this Court, the Baig Defendants and their respective representatives, and all other persons in active concert and participation with them, are hereby restrained and enjoined during the pendency of the Receivership from doing, directly or indirectly, any of the following:

i.   Interfering with the possession, operation, control and maintenance of the Receivership Estate;

ii.   Demanding, collecting, receiving or in any other way diverting or using any of the proceeds derived from the Property;

iii.   Committing or permitting any waste of the Property, or any part thereof, or suffering or committing or permitting any acts on the Property or any portion thereof in violation of law, or removing, transferring, encumbering or otherwise disposing of any of the Property or any portion thereof; and

iv.   Interfering with or hindering in any manner whatsoever the Receiver in the performance of his duties herein described or in the performance of any duties incidental thereto.

9.   <u>FURTHER INSTRUCTIONS</u>.  It is further ordered that the Receiver, 7-Eleven, and the Baig Defendants may, at any time, apply to this Court for further instructions and for further powers necessary to enable the Receiver to perform his duties.

DM1\5381533.2

## PRELIMINARY INJUNCTION

10.     THE COURT ORDERS that the Baig Defendants, including their respective agents, representatives, assignees, and employees are enjoined, pending further Order of this Court, from:

        a.     Entering the premises of the Stores;

        b.     Interfering with 7-Eleven's continuing operation of the Stores;

        c.     Destroying any store-related records;

        d.     Committing or permitting any waste of the Property;

        e.     Demanding, collecting, or in any other way diverting or using any of the rents or other income from the Property;

        f.     Interfering in any manner with the discharge of the Receiver's duties under this Order; and

        g.     Doing any act that will impair the preservation of the Property or 7-Eleven's interest therein.

11.     All parties to this action shall bring any future litigation involving the use, possession or control over the Property in this Court, or the parties to such litigation shall first obtain leave of this Court.

**IT IS SO ORDERED**

s/ Sandra J. Feuerstein

HON. SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT COURT JUDGE

Dated: Central Islip, New York
February **17**, 2015

Issued **2:15** o'clock **p** .m.

6

DM1\5381533.2

7